IN RICHMOND SUPERIOR COURT, JUNE TERM, 1831.

## The INFERIOR COURT of Richmond County for CHRISTIAN BREITHAUPT *vs.* JOHN G. BARR and Others.

### Motion for new Trial.

In an action on a constable's bond, the breach assigned was failure to advertise his levy and return his proceedings on an attachment, according to law, by which means

THIS is an action of debt on a constable's bond, and the breach assigned is " that the said John G. Barr the constable having been required to levy an attachment against one Ramsay L. Mason, at the suit of Christian Breithaupt, did levy on five horses of the defendant Mason, but failed to advertise his levy and make return of his proceedings on said writ therewith to the court, according to its exigency." It appeared in

evidence that the attachment of Breithaupt *vs.* Mason was levied by Barr on five horses which were replevied by Mason's giving bond, with what was then considered good security, to appear at the court to which the attachment was returnable " then and there to stand to and abide by such proceedings as the said court will require of said defendant." That the attachment with this bond were returned by Barr to court, but that he failed to endorse the levy on the attachment or to show by his return that it had been advertised at the court-house-door; and indeed there was proof that no advertisement was made, Barr having about that time left the county. It further appeared, that at the term to which the attachment was returnable, it was dismissed because Barr had " failed to enter his levy on said attachment or to make return of his proceedings, and had also failed to advertise the same according to law," and it was ordered that the plaintiff in attachment be " left to his remedy at law against the said constable and his securities." It was further ordered that the bond of the defendant in attachment which had been returned to court, " be likewise delivered to the plaintiff with liberty to sue thereon, should he think proper to do so." There was other testimony in relation to the value of the horses, but what has been stated is all the evidence materially affecting the questions to be here considered.

The jury rendered a verdict for defendants, and the plaintiff moves for a new trial on several grounds. 1st, That the verdict is against evidence. 2d, That it is against law. 3d, That it is against equity and justice. 4th, For misdirection of the court upon matters of law. It is upon this last ground that the motion mainly rests; for if the instruction of the court were correct, the verdict was neither contrary to evidence, law, nor justice.

This supposed misdirection of the court was as to the effect of the order of the Superior Court dismissing the attachment. The instruction to the jury was, that if they found, on the part of Barr, the constable, any failure of duty, either in not levying the attachment, or in not advertising, or in not returning, by which the plaintiff lost the benefit of his attachment, the plaintiff was entitled to a recovery for the amount of damage he may thereby have actually sustained. But if they found that the plaintiff had himself voluntarily abandoned his attachment and caused it to be dismissed on his own motion, by which he had sustained damage, it was of his own seeking, and must be borne by himself. That the dismissal of the attachment at once released the bond of the defendant in attachment, the condition of which was " to stand to and abide by such proceedings as the court might require." And that as soon as the order to dismiss was entered, the defendant became as irresponsible both to the plaintiff and the constable, as if no attachment had ever been levied, though by his bond

---

RICHMOND, June, 1831.

INFERIOR COURT *v.* BARR and Others.

the attachment was dismissed; the court charged the jury, if they believed the plaintiff failed in his attachment on account of the neglect of the constable, they ought to find against the constable; but if they believed that plaintiff voluntarily dismissed his attachment on account of the supposed irregularity, that such dismissal effectually discharged defendant and his securities. The jury found for the constable, and the court refused to grant a new trial.

If defendant in attachment appear and put in special bail, he dissolves the attachment, relieves his goods from its lien and it becomes thenceforth a proceeding *in personam.*

Attachment may also be dissolved by defendants giving bond with good security to appear, abide by, and perform the order or judgment of the court; and after attachment is dissolved, the proceeding need not be advertised.

RICHMOND,
June, 1831.

INFERIOR
COURT
*v.*
BARR and
Others.

he was bound to appear and abide the judgment of the court. That this bond was taken in pursuance of law, and the plaintiff should have proceeded against the defendant, until his remedy under the attachment had failed him; until which failure, and that too by the default or neglect of the constable, he could not complain of injury from him. In a word, if they found the dismissal to have been at the instance of the plaintiff, upon a supposed irregularity without any effort to prosecute his remedy against the defendant in attachment on the bond, and not at the instance of the defendant or from a legal necessity arising out of the irregularity of the constable's proceedings, the plaintiff ought not to recover.

This direction was given to the jury by the court upon the construction it gave to that part of the attachment law of 1799, applicable to the facts of this case, and though it was in the hurry of a trial, the construction given is approved upon deliberate consideration.

Plaintiff's counsel contended that the attachment, good of itself, was rendered null and void by the omission or neglect of the constable to advertise his levy, and to endorse the same on the attachment returned to court; that the omission or neglect was a breach of the bond which gave the plaintiff a right of action that he had not forfeited by any thing he had since done. If it were really true that the omission to endorse the levy, and to advertise rendered the attachment null and void, the plaintiff's right to a recovery would be unquestionable. But the attachment, when dismissed, was not adjudged void, nor is it the opinion of the court that it was so. The act provides that attachments shall be attested by the issuing magistrate, and be advertised at the court-house-door of the county, by the officer serving it, thirty days before the sitting of the court; and if an attachment shall issue within thirty days of the next court, such attachment shall be made returnable to the court next after the expiration of the said thirty days and not otherwise. "And all other *attachments* issued and returned in any other manner than is herein before directed shall be, and the same are declared to be null and void." The legislature has thus prescribed in strict form the manner of issuing and returning attachments, and the duty as well of the issuing magistrate, as of the levying officer; and if it had stopped here, the position assumed by plaintiff's counsel would be incontrovertible. But there is a subsequent provision in the same section, which controls this case. Many guards have been thrown around the interests of defendants to protect them from the abuse of this extraordinary remedy, among which is the thirty days' advertisement of the issuing and levy of the attachment, to notify him of its existence, that he may appear and defend the suit if he will. The provision of the act last referred to secures to defendants the right of appearance and of substituting a personal security in

RICHMOND,
June, 1831.

INFERIOR
COURT
_v._
BARR and
Others.

place of the goods attached. It is in these words "all goods, &c. subject to such attachments shall be repleviable by appearance and putting in special bail, or by the defendants' giving bond with good and sufficient security to the sheriff, or other officer serving the same, which bond he is herebyempowered to take, compelling the defendants to appear at the court to which such attachment shall be returnable, and to abide by, and perform the order and judgment of such court."

If a defendant under this provision appear and put in special bail, he dissolves the attachment and relieves his goods from its lien, and the cause is thenceforward literally _in personam_, the defendant having submitted to the jurisdiction of the court and given bail to the action. But an appearance and putting in of special bail is not the only means by which an attachment may be dissolved. The same thing may be effected by a bond with good security to appear and abide by and perform the order and judgment of the court. It is in effect however the same thing, the only difference being in the time when the act is done; the first being at the return of the attachment, the latter intermediate the levy and return. The latter is the case we are considering and seems the stronger of the two. Here, the attachment was dissolved perhaps as soon as levied, for it bears date only two days before the bond of the defendant, and both five months before the return; and it may be well asked, what necessity for advertising the levy upon property which the constable had been compelled to surrender to the defendant, or to advertise an attachment which was dissolved by the act of the only person to be notified by such advertisement. That such effect was contemplated and intended by an appearance and putting in special bail, and by giving bond to appear and abide by and perform the judgment and order of the court, is inferred not alone from the nature of the act authorised to be done, and from the nature of the thing itself, but is strongly inferable from other provisions of the same act. There is nothing said about subsequent proceedings in cases where special bail or bond to appear have been given; but the 3d sec. of the act provides that "If any attachment shall be returned executed, and the property attached shall not be replevied as aforesaid, the subsequent proceedings thereon shall be the same as an original process against the body of the defendant where there is a default of appearance." Why this distinction in the two cases, and why has the legislature been careful to prescribe the manner of proceeding in attachments which progress _ex parte_, while it is silent in cases where there has been either an appearance or bond to appear? It cannot be supposed a ' _casus omissus_,' as the eye of the legislature seems to have been directed immediately to that subject, and especially as the very act authorized to be done by the defendant gives to the plaintiff a process against the body of the defendant, and

RICHMOND,
June, 1831.

INFERIOR
COURT
v.
BARR and
Others.

converts the attachment into an ordinary bail case, the proceeding in which was already prescribed.

The course for the plaintiff to have pursued was plain. The attachment was not null and void, but was dissolved, as to its lien on the horses attached, and converted into an action against the person simply of the defendant, who had given bond to appear and abide by and perform the judgment of the court. This action might have been and should have been prosecuted by the plaintiff as his proper and legal remedy ; and for aught that appears from the order which dismissed the attachment, a recovery would have been had, for it appears that both the court and counsel for the plaintiff considered the bond of the defendant and his securities legal and obligatory upon them. If then the plaintiff thought proper to abandon his remedy and dismiss the case, it was his voluntary act from which he could not derive a right of action against the constable, and make him responsible for damages upon what might possibly, but probably would not have been the judgment of the court had he proceeded.

But it is said there is no evidence that the plaintiff did dismiss his own case ; and it is true there is no direct evidence of that fact, but the record of this court put in evidence by the plaintiff himself, contains enough to authorise the jury to find the fact. That record is the order to dismiss the attachment, and is in these words. "Ordered that the attachment be, for these causes" (the failure of the constable to enter his levy and to advertise) "dismissed and the plaintiff left to his remedy at law against the said constable and his securities. It is further ordered that the bond taken by the said Barr, from the defendant Ramsay L. Mason, Edward Bird and Fields Kennedy, conditioned for the appearance of the said Ramsay L. Mason at the present term of this court and to stand to and abide the order of this court, be likewise delivered to the plaintiff, with liberty to sue thereon should he think proper to do so." Now it does not appear upon whose motion this order was entered, though it must have been entered on the motion of some one, for the court unmoved would not have entered such an order. If it had been simply an order to dismiss, the presumption would be that it was on motion of the defendant, as he would be the party benefited ; but this presumption is repelled by the special care which seems to be taken of the plaintiff's interests. It is not probable that the defendant, whose sole object we may suppose to have been to extricate himself from the suit, would be so careful of the plaintiff's interests as to provide in the order that he might be left to his remedy at law against the constable and his *securities ;* and still less probable that he would have an order passed that his own bond and that of his friends should be delivered to the plaintiff for suit. There can be but little doubt that the plaintiff himself moved

the order, and as little doubt as to its legal effect upon his rights.

The dismissal of the cause as effectually discharged the defendant and his securities, as the dismissal of any bail case will discharge the defendant and his bail. His remedy then was gone the moment the order was entered, till which time he had a right to declare against the defendant, and for any thing which appears might have prosecuted his suit successfully. That he should have so declared and had the judgment of the court against his remedy and that too in consequence of the default of the constable, before he can recover from him or his securities, we have seen. But so far from the judgment of the court being against the plaintiff's remedy, it seems rather to have been in its favor, as the defendant's bond is ordered to be delivered over to him for suit. Upon every ground, it is the opinion of the court, the verdict is proper and ought not to be disturbed.

The motion is refused.